**Affirmed and Memorandum Opinion filed August 2, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00462-CV

## IN RE AIDYN ROCHER, AN ADULT

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2015-04730**

## M E M O R A N D U M   O P I N I O N

Alex Winston Hunter, formerly known as Aidyn Rocher, appeals from the trial court's denial of a request to change Hunter's designated gender from female to male. The trial court granted Hunter's request for a name change but denied the request for a gender designation change. We affirm.

### *Discussion*

On January 28, 2015, Hunter filed an Original Petition for Change of Name of Adult expressly pursuant to section 45.102 of the Texas Family Code. Tex.

Fam. Code § 45.102 (governing petitions to change the name of an adult). In that petition, Hunter requested not only a change in name, from Aidyn Rocher to Alex Winston Hunter, but also a change of "sexual designation" from female to male.[1] Other than section 45.102, which contains no reference to, or authorization for, a gender designation change, the petition does not cite any other law as a basis for the requests.

At a hearing on the requests, the trial judge noted that he had reviewed two cases that had apparently been provided to the court by Hunter's counsel: *In re Estate of Araguz*, 443 S.W.3d 233 (Tex. App.—Corpus Christi 2014, pet. denied), and *In re N.I.V.S.*, No. 04-14-00108-CV, 2015 WL1120913 (Tex. App.—San Antonio March 11, 2015, no pet.) (mem. op.). Hunter's counsel then called Hunter to the stand and asked basic, name-change-related questions, such as date and place of birth, lack of a felony criminal record, and that the request was not being made to avoid creditors.[2] Near the end of the hearing, counsel cited section 2.005(b)(8) of the Texas Family Code and noted that under the section, proof of an order relating to a sex change could be used to prove identity for purposes of an application for a marriage license. As stated, the trial court granted Hunter's request for a name change but denied the request for a change in gender designation.

Family Code section 2.005 requires that in issuing a marriage license, the county clerk is to verify the identity and age of the applicants. Tex. Fam. Code §

---

[1] Although Hunter did not specify below the purpose of the request, on appeal, Hunter specifically states that the change is sought for driver's license purposes. The Texas Department of Public Safety states on its website that the gender on a driver's license can be changed with "an original certified court order verifying the change." *See* http://dps.texas.gov/DriverLicense/changes.htm (last visited July 20, 2016).

[2] Hunter's only gender-related testimony was an affirmative answer to the question, "You are currently a female legally, correct?"

2.005(a). Proof of identity and age can be in several forms, including "(8) an original or certified copy of a court order relating to the applicant's name change or sex change." *Id*. § 2.005(b)(8). Although the section appears to contemplate the possibility of orders relating to gender designation, it does not itself authorize or provide any procedures or rules for Texas courts to issue such orders. In *Araguz*, the court of appeals concluded based on section 2.005(b)(8) that "Texas law recognizes that an individual who has had a 'sex change' is eligible to marry a person of the opposite sex." 443 S.W.3d at 245. The *Araguz* court did not, however, suggest that the section authorized a trial court to order a change in a person's gender designation. In *N.I.V.S.*, the San Antonio court of appeals noted that one of the parties had "obtained a court order changing his identity from female to male," citing section 2.005(b)(8). 2015 WL1120913, at *1 & n.2. As to that order, however, the court stated that "[b]ecause it is not necessary to the disposition of this appeal, we do not comment on the effect, if any, of such an order." *Id*. at *4 n.4.[3]

In short, none of the law Hunter cited to the trial court—Family Code sections 2.005 and 45.102, *Araguz*, and *N.I.V.S.*—authorized the court to make the

---

[3] The issue in *N.I.V.S.* was whether a party who had obtained a court order changing the party's gender designation from female to male had standing to bring a proceeding to adjudicate parentage of adopted children. 2015 WL1120913, at *1-2. The court noted that standing must exist at the time of the filing of a lawsuit and that the party in question obtained the court order only after filing the lawsuit. *Id*. at *4. Accordingly, the court affirmed the dismissal of the lawsuit without addressing the merits of the order. *Id*. at *4 n.4, *7. In a subsequent lawsuit (not raised by Hunter), the same party again asserted standing. *See In re Sandoval*, No. 04-15-00244-CV, 2016 WL 353010 (Tex. App.—San Antonio Jan. 27, 2016, orig. proceeding). In its subsequent opinion, the court of appeals again found the party lacked standing; however, in dicta, the court stated that the gender change order "may . . . be sufficient to acknowledge [the party's] legal status as a man." *Id*. at *3. The court also emphasized, though, that "[t]he Order Granting Change of Identity was not challenged in the proceeding in which it was obtained." *Id*. Therefore, neither of these opinions supports the notion that gender identification can be changed by utilizing the section 45.102 name-change procedure as attempted by Hunter in the present case.

3

ruling Hunter requested, i.e., a change of Hunter's gender designation. On appeal, Hunter additionally notes that Texas provides procedures for amending or correcting birth certificates. *See* Tex. Health & Safety Code §§ 191.028(b) ("An amending certificate may be filed to complete or correct a record that is incomplete or proved by satisfactory evidence to be inaccurate. The amendment must be in a form prescribed by the department."); 192.011 (b) ("On the request of the person or the person's legal representative, the state registrar, local registrar, or other person who issues birth certificates shall issue a birth certificate that incorporates the completed or corrected information instead of issuing a copy of the original or supplementary certificate with an amending certificate attached."). Hunter acknowledges, however, that as a native of Pennsylvania, the Texas birth certificate provisions would not apply.

Hunter additionally suggests that it would be unduly burdensome to have to apply to Pennsylvania for an amended birth certificate. Indeed, Hunter's main argument on appeal is a claim that the trial court's failure to permit him to use the name change procedure under Family Code section 45.102 to also change gender designation violated the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution, citing *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015) (finding a constitutional right to same-sex marriage). Hunter, however, did not make this argument below, so it is not preserved for appellate review. *See* Tex. R. App. P. 33.1(a) (providing that preservation of error is a prerequisite for appellate review); *In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003) (holding constitutional claim was waived when not adequately raised in trial court); *Robinson v. KTRK Television, Inc.*, No. 01-14-00880-CV, 2016 WL 1267990, at *3 (Tex. App.—Houston [1st Dist.] March 31, 2016, pet. denied) ("Even constitutional complaints must be raised below or they are not preserved

4

for appellate review.").

We further note that even if Hunter had preserved this constitutional complaint, Hunter did not present any evidence in the trial supporting the proposition that Hunter's current gender designation is inaccurate. *See generally Araguz*, 443 S.W.3d at 245-48 (discussing evidence presented in that case pertaining to both gender change surgery as well as the party-in-question's pre-surgery gender identification).[4] As set forth above, Hunter only testified regarding the basic name-change requirements. *See* Tex. Fam. Code § 45.102. Although Hunter's original petition was verified, a mere request for a change in gender designation is not evidence supporting such a change.

Because Hunter has not established on appeal that the trial court erred in denying the request for a gender designation change, we overrule Hunter's sole issue. We affirm the trial court's judgment.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Jamison, Donovan, and Brown.

---

[4] We need not in this case take any position regarding what type of evidence could suffice to demonstrate a gender change. *See generally Alewine v. City of Houston*, 309 S.W.3d 771, 779 n.10 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (declining to address issue when not necessary to disposition of the case).